CARMEN MARÍA NADAL-CARRIÓN, Plaintiff and Appellee, *v.* ANGEL CARRIÓN, Defendant and Appellant.

No. 3611. Argued November 6, 1925.—Decided March 12, 1926.

A. *Nazario Lugo* and *Emilio Forestier Gregory* for the appellant. *Angel A. Vázquez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

María del Carmen Nadal Carrión brought an action against Angel Carrión for annulment of the mortgage foreclosure

proceeding brought by the latter against the former to recover the amount of two promissory notes payable to bearer and secured by a mortgage on various real properties, the result being that at public auction the said properties were sold to the plaintiff in the mortgage foreclosure proceeding. The principal ground of the said action for annulment was that the promissory notes had been held void in another suit between the same parties because Angel Carrión had come into possession of them clandestinely and unlawfully without consideration, and also because of defects in the complaint in the mortgage foreclosure proceeding. With the complaint for annulment of the mortgage foreclosure proceeding a sworn petition for an injunction was filed to enjoin Angel Carrión from collecting the rents of the properties sold to him at the forced sale, it being alleged that he intended to collect the rents according to letters written by him to some of the tenants; that the defendant was about to appeal from the judgment holding that the promissory notes and the mortgage securing them were void for the purpose of delaying the final termination of that suit; that if the vendee of those properties should collect the rents while this suit is pending, which amount to $190 monthly, the plaintiff would lose that money totally because the defendant is insolvent and has no property to respond in case her action should prevail, for which reason the plaintiff would suffer irreparable damages if the injunction should be denied. The verified complaint filed against Angel Carrión to annul the mortgage and the foreclosure proceeding referred to were made a part of the petition for an injunction, it appearing that the former was based on the fact that although the mother of the plaintiff signed two promissory notes payable to bearer and secured by a mortgage, said promissory notes were not negotiated, alienated or given as security by the plaintiff or by her mother in whose possession they were at her death, and of which Angel Carrión, an insolvent person

to whom the plaintiff's mother furnished board, lodging and small sums of money, clandestinely and unlawfully took possession.

After hearing the parties on the petition for an injunction the lower court granted it, enjoining the defendant from doing any act toward the collection of the rents and ordering him that until judgment be rendered in the action he should not obstruct the collection of the rents by María del Carmen Nadal Carrión, who was required to give security in the sum of one thousand dollars.

From that order Angel Carrión appealed to this court, alleging that the petition was ambiguous, unintelligible and doubtful; that it did not state facts determinative of a cause of action, and that the plaintiff had a sufficient, adequate and speedy remedy in the ordinary course of law to obtain what she sought by injunction. The appellee filed no written brief and counsel for both parties failed to appear at the hearing on this appeal.

The allegation that the petition for an injunction is ambiguous, unintelligible and doubtful is based on the fact that in one of the allegations of the petition it is said that the mortgaged properties had been sold to the defendant, while in another it is stated that the plaintiff was the owner of those properties; but the appellant is wrong on that point, because the averment of the plaintiff that the properties belonged to her, notwithstanding her saying that they were sold to the defendant, is a consequence of her action wherein she alleged that the sale of the property to the defendant in the mortgage foreclosure proceeding was void.

In regard to the assertion that the petition for an injunction does not state sufficient facts, it is said that such is the case because subdivisions 2 and 3 of the Injunctions Act authorize it for acts done during litigation, but not for acts done prior to it, as are those alleged in connection with the letters written by the defendant before the filing of the

complaint to the tenants occupying his properties requesting them to pay the rents to him.

Section 3 of that law provides that an injunction may be issued in the cases therein enumerated, the second one being "When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action." From the words quoted it does not appear that it may be granted only when the acts are committed after the bringing of the suit in which it is prayed, for since it says "when it appears that the commission or continuance of some act," which permits the issuance of the injunction to prevent the commission of certain acts during litigation for which the allegation that the defendant has written to the tenants of the properties requesting them to pay him the rents thereof shows the intention of continuing to collect them during the litigation, an act that he can perform as vendee if no irreparable or considerable damage is caused to another person, but which is sufficient with the other facts alleged for the petition.

It remains to consider the last question, the ground of which is that the plaintiff had a remedy under subdivision II of section 2 of the Attachments Act, according to which in cases not provided for in the preceding rules the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment, it being alleged that according to that rule the court would have ordered that said rents be deposited and would not have provided that the plaintiff should be the one to collect them, thus depriving the defendant of his property without due process of law.

Even if the Attachments Act were applicable, as in the case of *Goffinet* v. *Polanco,* 30 P.R.R. 768, we held that some of the rules of that Act produce the same effect as a restraining order and fulfill the same formality, and that rule H

gives discretional and equitable power to the court, the appellant has suffered no prejudice by reason of the injunction granted against him in an injunction proceeding wherein he had been heard, and not according to rule H cited, for which reason the error assigned was not committed.

██ With respect to the particular of the order appealed from directing the defendant not to obstruct the plaintiff in the collection of said rents while the suit is pending, or in other words authorizing the plaintiff to collect them, we believe that it is erroneous, for the bond required from the plaintiff by the court will guarantee the defendant only against the damages that he might suffer on account of the writ of injunction if it is definitely decided that the suit wherein it was granted shall not prosper, according to section 7 of the Injunctions Act, and not the restitution of the sums that he might collect, the lower court should have ordered the plaintiff to deposit the rents in the court subject to the result of the suit or should have required another bond from her to answer for the rents. In this particular the order appealed from must be modified.